(49 South. 137.)

No. 17,568.

PERKINS v. HIS CREDITORS.

In re PERKINS.

(April 12, 1909.)

MANDAMUS (§ 57*)—APPEAL BOND—MANDA-
MUS TO COMPEL AMENDMENT—INSOLVENCY.

Where an insolvent applies for a respite,
and certain creditors file an opposition, and the
court sustains the opposition, and the insolvent
appeals from the order, and the judge, while
ill and unable to attend properly to his duties,
fixed the amount of the appeal bond so as to
cover the amount of the debts, instead of merely
costs, and the insolvent immediately appeals,
although the judge signifies that he would
change the bond to the proper amount if the
opposition counsel would agree, the insolvent
will not be sent back to the trial court to first
exhaust his remedies in such court, where doing
so would cause the appeal to be lost, it further
appearing that the insolvent's counsel probably
thought that the judge would reduce the amount
only with the consent of opposing counsel; and
mandamus to reduce the amount, so as to cover
only the costs, will be granted.

[Ed. Note.—For other cases, see Mandamus,
Dec. Dig. § 57.*]

In the matter of the insolvency of W. L.
Perkins. An appeal was taken from an order
sustaining opposition to a respite, and W. L.
Perkins applies for certiorari, prohibition,
and mandamus to reduce the amount of the
bond. Writs granted.

Calvin Evans Hardin, for relator. Re-
spondent judge, pro se.

PROVOSTY, J. The relators applied for
a respite. The notary commissioned to hold
the meeting of creditors reported that a
majority in number and amount of the credi-
tors had voted in favor of granting the res-
pite. Certain creditors filed an opposition.
The court sustained the opposition. Relator
appealed. The court fixed the appeal bond
at $4,000; that is to say, to cover the amount
of the debts instead of merely in an amount
sufficient to cover costs. Hence the present
application to this court for writs of certio-
rari, prohibition, and mandamus.

The judgment was signed on the 19th of
March. The application for the appeal was
made on the 27th of the same month, which
was a Saturday. The judge says that it was
presented to him at his home by a young man
who was a law student in the office of rela-
tor's counsel; that owing to a sick headache,
from which he was suffering at the time, he
felt unable to give the matter proper atten-
tion, and suggested to the young man that
the matter be postponed until the following
Monday, the 29th, when he would act upon
it; that the young man said that relator's
counsel was afraid the appeal would be lost
if not acted on at once, whereupon he (the
judge) asked the young man what the appeal
was predicated upon, and the young man re-
plied upon the debts shown by the schedule;
that thereupon he, the judge, fixed the bond
in the amount complained of, informing the
young man, at the same time, however, that
he would change it later to an amount merely
for costs, if the latter, on further considera-
tion, was found to be proper; that on the
afternoon of the same Saturday the young
man notified him that relator's counsel was
going to file the present application in the
Supreme Court; that on the morning of Mon-
day, the 29th, he informed relator's counsel
that he was inclined to think that the bond
should be only for costs, and that, if he and
opposing counsel would so agree, he would
change the amount of the bond, and that re-
lator's counsel said that it was too late, as
the application had already been made to the
Supreme Court; that, had an application
been made to him to change the amount of
the bond into one for costs only, he would
have done so, and that he is ready now to
do so; that his sole motive for fixing the
higher amount was to make sure to conserve
the appeal of relator, he (the judge) not being
in a condition of mind at the moment, owing
to his illness, to give the matter sufficient
thought to determine what the amount of the
bond should be predicated on.

Upon the foregoing facts, we have hesitated whether we should not hold that the relator should have exhausted his remedies in the lower court by making a personal application to the judge for a reduction of the bond before having recourse to the present application in this court; but, considering that, if we adopted that view, the appeal would be lost, and being satisfied relator's counsel probably thought that the judge would change the amount only with the consent of opposing counsel, and was actuated solely by the desire to conserve his right of appeal, we have concluded to make the writs peremptory.

It is ordered and adjudged that the writs herein prayed for be made peremptory, and that the Honorable Don E. So Relle, judge of the Twelfth judicial district, be and he is hereby ordered to fix, in an amount as for costs only, the bond for appeal from the judgment rendered by said court on March 19, 1909, in the matter of W. L. Perkins v. His Creditors.